**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**CASE NO.:**

**LATOYA COOPER,**
**an Individual,**

      **Plaintiff,**

**v.**

**PUBLIX SUPER MARKETS, INC.,**
**a Florida Profit Corporation,**

      **Defendant.**

                            /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **LATOYA COOPER** ("Plaintiff"), by and through her undersigned counsel, sues the Defendant, **PUBLIX SUPER MARKETS, INC.** ("Defendant") and alleges the following:

1.     Plaintiff brings these claims for subjecting her to sexual harassment, retaliation, and ultimately termination in violation of the Florida Civil Rights Act, Chapter 760, Fla. Stat. ("FCRA"), and Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e *et seq.* ("Title VII"), and for violation of Florida's Private Whistleblower Act, Section 448.102(3), Florida Statutes ("FWA").

2.     Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

## JURISDICTION, PARTIES AND VENUE

3.     Plaintiff is an adult individual.

4.     Defendant is a Florida Profit Corporation that operates and conducts business in, among others, Palm Beach County, Florida, and is thus within this court's jurisdiction.

5. The court has jurisdiction over Plaintiff's claims because Defendant conduct business in, among other places, Palm Beach County, Florida, and Plaintiff worked for Defendant in Palm Beach County, Florida.

6. Venue is proper because Defendant conducts substantial business in Palm Beach County, Florida, and Plaintiff worked for Defendant in Palm Beach County, Florida, where the actions at issue took place.

7. The Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. §1331 as they arise under 42 U.S.C. § 2000e et seq.

8. The Court has supplemental jurisdiction over Plaintiff's FCRA and FWA claims pursuant to 28 U.S.C. § 1367, as this claim is so related to Plaintiff's Title VII claims, that together, they form part of the same case or controversy.

9. Plaintiff is protected by the FCRA and Title VII because she was a female employee who suffered sexual harassment/sex discrimination, and retaliation by Defendant.

10. Plaintiff is protected by the FCRA and Title VII because she suffered an adverse employment action after objecting to Defendant's harassing conduct by being fired for same.

11. Defendant was at all material times an "employer" as defined by the FCRA and Title VII as it employed in excess of fifteen (15) employees, collectively.

12. At all times material hereto, Plaintiff was an "employee" within the meaning of the FWA.

13. Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is therefore a covered employer as defined by the FWA.

## CONDITIONS PRECEDENT

14. On or around August 21, 2025, Plaintiff dual-filed a Charge of Discrimination with

the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging sexual harassment, sex-based discrimination and retaliation against Defendant.

15.     On or around March 23, 2026, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her federal claims within 90 days of her receipt of the same.

16.     On or around April 13, 2026, the FCHR issued a Notice of States Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her state claims within one year of her receipt of the same.

17.     Plaintiff timely files this action within the applicable period of limitations against Defendant.

18.     All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

19.     Plaintiff worked for Defendant, most recently as a Deli Clerk, from February 4, 2022, until her termination on December 16, 2024.

20.     Throughout late 2024, Plaintiff was subjected to a relentless campaign of sex discrimination and sexual harassment while laboring on behalf of Defendant.

21.     On September 5, 2024, a fellow Deli Clerk, Lillian Nichols, made inappropriate and vulgar sexual "humping" gestures at Plaintiff.

22.     Multiple people witnessed this, but merely laughed.

23.     On September 19, 2024, Ms. Nichols made the "humping" gestures at Plaintiff again, and touched Plaintiff.

24.     Plaintiff told Ms. Nichols to knock it off, and told Ms. Nichols, "don't touch me,"

but Ms. Nichols merely laughed it off.

25.     On September 30, 2024, Ms. Nichols again made the offensive gestures and touched Plaintiff.

26.     That same day, September 30, 2024, Plaintiff objected to Defendant Deli Manager Jamie that Defendant's actions violated, *inter alia*, Title VII, the FCRA, and Fla. Stat. § 784.03.

27.     On October 15, 2024, and again on October 22, 2024, Ms. Nichols touched Plaintiff's backside.

28.     Plaintiff told Ms. Nichols to stop touching her, which was laughed upon by co-workers.

29.     Plaintiff warned Ms. Nichols that she could lose her job if she kept subjecting her to unwanted touching and sexual harassment.

30.     Nevertheless, on October 28, 2024, Ms. Nichols touched Plaintiff's backside again.

31.     On October 30, 2024, Plaintiff therefore objected to Defendant's Store Manager Mr. Duane that Defendant's actions violated, *inter alia*, Title VII, the FCRA, and Fla. Stat. § 784.03.

32.     Mr. Duane issued Plaintiff a "counseling form."

33.     On November 21, 2024, Michelle in Defendant's Corporate office assured Plaintiff that Ms. Nichols would no longer work in the same store as Plaintiff.

34.     Afterwards, Defendant began scheduling Plaintiff less frequently, and Defendant Assistant Manager Michelle, with whom Plaintiff had to work closely, stopped talking to Plaintiff.

35.     Michelle was overheard by a co-worker stating that Defendant's Managers and Supervisors were "tired of [Plaintiff] calling Corporate."

36.     Then, on December 16, 2024, Jamie informed Plaintiff that Defendant had decided

to terminate her employment, effective immediately.

37. It is clear that Defendant discriminated against Plaintiff based on sex, and terminated Plaintiff's employment in retaliation for her objections to the abuse, harassment, and discrimination to which she was subjected by Defendant.

38. It is clear that Defendant terminated Plaintiff's employment in retaliation for her objections to Defendant's violations of law.

39. Any other "reason" theorized after the fact by Defendant for its termination of Plaintiff's employment is pure pretext.

40. Plaintiff's termination was for pretextual, retaliatory, and discriminatory reasons, based on her objection to the sexual harassment to which she was being subjected.

41. By reason of the foregoing, Defendant's actions affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the Florida Civil Rights Act.

42. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties.

43. Defendant does not have a non-discriminatory rationale for allowing and participating in the harassment and retaliation suffered by Plaintiff.

44. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for Plaintiff's discharge.

45. Any reason provided for Plaintiff's discharge by Defendant is a pretext and cover up for illegal retaliation.

46. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive working environment and ultimately termination for objecting to same.

47. Defendant failed to take any remedial measures in response to Plaintiff's objections

to unlawful discrimination/harassment and other violations of law.

48.     As a result of the severe and pervasive discrimination/harassment, and the lack of any remedial action taken in response to objections to discrimination/harassment, Defendant created a hostile work environment.

49.     Plaintiff's termination was due to the hostile work environment caused by Defendant's acts of sex-based discrimination and sexual harassment, and its failure to take prompt remedial measures to alleviate sexual harassment, discrimination based on sex, and retaliation as the law requires, and in retaliation for Plaintiff's objections to Defendant's violations of law, or what she reasonably believed to be violations of law.

50.     The temporal proximity between Plaintiff's objections to Defendant's illegal conduct, Defendant's failure to remedy the illegal conduct, and her termination, is sufficiently close to create the necessary nexus between the events.

51.     By reason of the foregoing, Defendant's actions violated Title VII and the FCRA.

52.     Defendant's adverse employment action against Plaintiff was taken in retaliation for her sex and for her objections to Defendant's discrimination and harassment based on sex.

53.     The close temporal proximity between Plaintiff's objections/refusal to Defendant's violations of law, and the negative employment action taken against her, i.e., termination, establishes a causal link between Plaintiff's protected activity and Defendant's retaliatory acts.

54.     As a result of the above conduct by Defendant, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

55.     As a result of Defendant's unlawful and retaliatory termination, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

56.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: SEX DISCRIMINATION/SEXUAL HARASSMENT UNDER TITLE VII HOSTILE WORK ENVIRONMENT

57.     Plaintiff realleges and adopts the allegations contained in Paragraphs 1 through 7, 9, 11, 14 through 15, 17 through 25, 27 through 30, 32 through 37, 39 through 44, 46 through 49, 51, and 54 through 56, above.

58.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual harassment/sex discrimination under Title VII of the Civil Rights Act of 1964, as amended.  42 U.S.C. § 2000e et seq.

59.     The sexual harassment to which Plaintiff was subjected was severe and pervasive, and based upon her being female.

60.     The comments and acts of Defendant, its agents, and employees created a hostile work environment.

61.     The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

62.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

63.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

64.     Plaintiff has no plain, adequate or complete remedy at law for the actions of

7

Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

<u>**COUNT II: SEX DISCRIMINATION/SEXUAL HARASSMENT UNDER FCRA**</u>
<u>**HOSTILE WORK ENVIRONMENT**</u>

65.     Plaintiff realleges and adopts the allegations contained in Paragraphs 1 through 6, 8 through 9, 11, 14, 16 through 25, 27 through 30, 32 through 37, 39 through 44, 46 through 49, 51, and 54 through 56, above.

66.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual harassment/sex discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

67.     The sexual harassment to which Plaintiff was subjected was severe and pervasive, and based upon her being female.

68.     The comments and acts of Defendant, its agents, and employees created a hostile work environment.

69.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

70.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

71.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Fla. Stat.

72.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### COUNT III:  RETALIATION UNDER TITLE VII BASED ON OBJECTIONS TO ILLEGAL DISCRIMINATION/HARASSMENT

73.     Plaintiff realleges and adopts the allegations contained in Paragraphs 1 through 7, 10 through 11, 14 through 15, 17 through 37, 39 through 40, 42, 44 through 45, 49 through 52, and 54 through 56, above.

74.     The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing sexual harassment/sex discrimination under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

75.     The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal sexual harassment/sex discrimination to which she was being subjected.

76.     The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

77.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against

Defendant to deter it, and others, from such conduct in the future.

78.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

79.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### COUNT IV: FOR RETALIATION UNDER THE FCRA
### BASED ON OBJECTION TO DISCRIMINATION/HARASSMENT

80.     Plaintiff realleges and adopts the allegations contained in Paragraphs 1 through 6, 8, 10 through 11, 14, 16 through 37, 39 through 40, 42, 44 through 45, 49 through 52, and 54 through 56, above.

81.     The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing sexual harassment under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

82.     The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal sexual harassment to which she was being subjected.

83.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

84.     The conduct of Defendant was so willful and wanton, and in such reckless disregard

of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

85.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Fla. Stat.

86.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT V: FLORIDA'S PRIVATE WHISTLEBLOWER ACT UNLAWFUL RETALIATION

87.     Plaintiff realleges and adopts the allegations contained in Paragraphs 1 through 6, 8, 12 through 13, 19 through 36, 38 through 39, and 53 through 56, above.

88.     Defendant terminated Plaintiff from her employment in violation of Section 448.102(3), Florida Statutes.

89.     Plaintiff was retaliated and discharged in violation of Section 448.102(3), Florida Statute for objecting to illegal activity, or what she reasonably believed to be illegal activity, being conducted by Defendant.

90.     Plaintiff objected to this violation of a law, rule, or regulation, or what she reasonably believed to be a violation of this law, rule, and regulation, and was fired as a direct result of same, which constitutes a violation of the FWA.

91.     As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status,

11

as well as humiliation, pain and suffering and any other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 18th day of June, 2026.

Respectfully submitted,

*/s/ Tanner M. Borges*
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Counsel for Plaintiff*